| | |
|---|---|
| JOSE LUIS AJIAT AS-SOLVAL; <br> RODOLFO CALDERON-GOMEZ; <br> NELSON GONZALO CARRILLO-CHAY; <br> JOSE MANUEL RUIZ-TUM; <br> FUDENCIO RUIZ-TUM <br>     *Plaintiffs* <br><br> v. <br><br> CISCO PRODUCE, INC.; <br> DAVID FRANCISCO-BALTAZAR. <br> DBA "CISCO PRODUCE"; <br>     *Defendants* | CASE NO. 1:14-CV-197 (WLS) |

## ANSWER FOR ALL DEFENDANTS

COME NOW ALL DEFENDANTS and answer Plaintiffs' complaint as follows:

1. Paragraph 1 is DENIED.

2. Paragraph 2 is a legal conclusion and cannot be admitted or denied.

3. Paragraph 3 is DENIED.

4. Paragraph 4 is DENIED.

5. Defendants have no knowledge of the facts expressed in Paragraph 5 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

6. Defendants have no knowledge of the facts expressed in Paragraph 6 and

    therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

7. Defendants have no knowledge of the facts expressed in Paragraph 7 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

8. Defendants have no knowledge of the facts expressed in Paragraph 8 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

9. Defendants have no knowledge of the facts expressed in Paragraph 9 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

10. Paragraph 10 is DENIED. Defendants deny that the document served upon them (and presumably filed) is a proper complaint.

11. Paragraph 11 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

12. Paragraph 12 is DENIED.

13. Paragraph 13 is DENIED.

14. Paragraph 14 is DENIED.

15. Paragraph 15 is DENIED.

16. Paragraph 16 is DENIED.

17. Paragraph 17 is DENIED.

18. Paragraph 18 is DENIED.

19. Paragraph 19 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

20. Paragraph 20 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

21. Paragraph 21 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

22. Paragraph 22 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

23. Paragraph 23 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

24. Paragraph 24 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

25. Paragraph 25 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

26. Paragraph 26 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

27. Paragraph 27 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

28. Paragraph 28 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

Box 188 • Cairo, Georgia 31728    Melvin R. Horne, Esq.    Phone 229-377-0968 • Fax 229-377-0965
mhornelaw@gmail.com

29. Paragraph 29 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

30. Paragraph 30 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

31. Paragraph 31 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

32. Paragraph 32 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

33. Paragraph 33 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

34. Paragraph 34 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

35. Paragraph 35 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

36. Paragraph 36 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

37. Paragraph 37 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

38. Paragraph 38 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

39. Paragraph 39 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

Box 188 • Cairo, Georgia 31728    Melvin R. Horne, Esq.    Phone 229-377-0968 • Fax 229-377-0965
mhornelaw@gmail.com

40. Paragraph 40 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

41. Paragraph 41 is ADMITTED.

42. Paragraph 42 is DENIED.

43. Paragraph 43 is DENIED.

44. Paragraph 44 is DENIED.

45. Paragraph 45 is DENIED.

46. Paragraph 46 is DENIED.

47. Defendants have no knowledge of the facts expressed in Paragraph 47 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

48. Defendants have no knowledge of the facts expressed in Paragraph 48 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

49. Defendants have no knowledge of the facts expressed in Paragraph 49 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

50. Defendants have no knowledge of the facts expressed in Paragraph 50 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

51. Defendants have no knowledge of the facts expressed in Paragraph 51 and

therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is Denied.

52. Defendants have no knowledge of the facts expressed in Paragraph 52 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is Denied.

53. Paragraph 53 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is Denied.

54. Defendants have no knowledge of the facts expressed in Paragraph 54 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is Denied.

55. Paragraph 55 is Denied.

56. Paragraph 56 is Denied.

57. Paragraph 57 is Denied.

58. Paragraph 58 is Denied.

59. Defendants have no knowledge of the facts expressed in Paragraph 59 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is Denied.

60. Defendants have no knowledge of the facts expressed in Paragraph 60 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is Denied.

61. Defendants have no knowledge of the facts expressed in Paragraph 61 and therefore it cannot be either admitted or denied. To the extent that an answer is

necessary, it is DENIED.

62. Paragraph 62 is DENIED.

63. Paragraph 63 is DENIED.

64. Paragraph 64 is DENIED.

65. Paragraph 65 is DENIED.

66. Paragraph 66 is DENIED.

67. Paragraph 67 is DENIED.

68. Paragraph 68 is DENIED.

69. Paragraph 69 is DENIED.

70. Defendants have no knowledge of the facts expressed in Paragraph 70 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

71. Paragraph 71 is DENIED.

72. Paragraph 72 is DENIED.

73. Paragraph 73 is DENIED.

74. Paragraph 74 is DENIED.

75. Paragraph 75 is DENIED.

76. Paragraph 76 is DENIED.

77. Paragraph 77 is DENIED.

Box 188 • Cairo, Georgia 31728          Melvin R. Horne, Esq.          Phone 229-377-0968 • Fax 229-377-0965
mhornelaw@gmail.com

78. Paragraph 78 is Denied.

79. Paragraph 79 is Denied.

80. Paragraph 80 is Denied.

81. Paragraph 81 is Denied.

82. Paragraph 82 is Denied.

83. Paragraph 83 is Denied.

84. Paragraph 84 is Denied.

85. Paragraph 85 is Denied.

86. Paragraph 86 is Denied.

87. Paragraph 87 is Denied.

88. Paragraph 88 is Denied.

89. Paragraph 89 is Denied.

90. Paragraph 90 is Denied.

91. Paragraph 91 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is Denied.

92. Paragraph 92 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is Denied.

93. Defendants have no knowledge of the facts expressed in Paragraph 93 and therefore it cannot be either admitted or denied. To the extent that an answer is

necessary, it is DENIED.

94. Defendants have no knowledge of the facts expressed in Paragraph 94 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

95. Paragraph 95 is DENIED.

96. Paragraph 96 is DENIED.

97. Defendants have no knowledge of the facts expressed in Paragraph 97 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

98. Defendants have no knowledge of the facts expressed in Paragraph 98 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

99. Defendants have no knowledge of the facts expressed in Paragraph 99 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

100. Paragraph 100 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

101. Paragraph 101 cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

102. Paragraph 102 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

103. Paragraph 103 is a conclusion of law and therefore cannot be admitted or denied

by Defendants. To the extent that an answer is necessary, it is DENIED.

104. Paragraph 104 is DENIED.

105. Paragraph 105 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

106. Paragraph 106 is DENIED.

107. Defendants have no knowledge of the facts expressed in Paragraph 107 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

108. Paragraph 108 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

109. Paragraph 109 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

110. Paragraph 110 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

111. Paragraph 111 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

112. Paragraph 112 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

113. Paragraph 113 is DENIED.

114. Paragraph 114 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

115. Defendants have no knowledge of the facts expressed in Paragraph 115 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

116. Paragraph 116 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

117. Paragraph 117 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

118. Defendants have no knowledge of the facts expressed in Paragraph 118 and therefore it cannot be either admitted or denied. To the extent that an answer is necessary, it is DENIED.

119. Paragraph 119 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

120. Paragraph 120 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

121. Paragraph 121 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

122. Paragraph 122 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

123. Paragraph 123 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

124. Paragraph 124 is a conclusion of law and therefore cannot be admitted or denied by Defendants. To the extent that an answer is necessary, it is DENIED.

## Affirmative Defenses

1. **AS A FIRST AFFIRMATIVE DEFENSE:** No written contract was ever signed between the parties, nor was any verbal contract consummated.

2. **AS A SECOND AFFIRMATIVE DEFENSE:** To the extent any verbal contract was discussed or negotiated between the parties, there was never a "meeting of the minds" in regard to said verbal contract.

3. **AS A THIRD AFFIRMATIVE DEFENSE:** To the extent that there was ever a verbal contract between the parties, it is barred by the Statute of Frauds, O.C.G.A. 13-5-30.

4. **AS A FOURTH AFFIRMATIVE DEFENSE:** To the extent that any valid contract exists between the party, Plaintiff has breached said contract.

5. **AS A FIFTH AFFIRMATIVE DEFENSE:** To the extent that any valid contract exists between the parties, plaintiff has failed and refused to perform under said contract.

6. **AS A SIXTH AFFIRMATIVE DEFENSE**, defendant states that plaintiff's complaint fails to state a cause of action upon which relief requested may be granted and therefore this action is barred.

7. **AS A SEVENTH AFFIRMATIVE DEFENSE**, defendant states that plaintiff does not have the capacity to sue or bring this action and this action is therefore barred.

8. **AS A EIGHTH AFFIRMATIVE DEFENSE**, defendant states that plaintiff is not the real party in interest and/or duly authorized agent of same upon which plaintiff's alleged claim is based and therefore has no standing to bring this action.

9. **AS A NINTH AFFIRMATIVE DEFENSE**, defendant states that plaintiff's claim is barred by laches and/or the statute of limitations.

10. **AS A TENTH AFFIRMATIVE DEFENSE**, defendant states that plaintiffs claim is barred and/or limited for violation of the state and/or federal statutes.

11. **AS A ELEVENTH AFFIRMATIVE DEFENSE**, Defendant alleges that Plaintiff breached its duties of good faith and fair dealing in its contractual relationship with Defendants.

12. **AS A TWELFTH AFFIRMATIVE DEFENSE**, Defendant states that Plaintiff failed to perform conditions precedent to the initiation of this action.

13. **AS THIRTEENTH AFFIRMATIVE DEFENSE**, Defendant asserts all terms and condition of the contract upon which Plaintiff's alleged claim is based.

14. **AS A FOURTEENTH AFFIRMATIVE DEFENSE**, Defendants assert all requirements of applicable statutes.

15. **AS A FIFTEENTH AFFIRMATIVE DEFENSE**, Defendant states that there is no valid contract or other written agreement between the parties permitting the award of attorney's fees in connection with this action.

Signed this 12th day of February, 2015 at Cairo, Georgia

*[signature: Melvin R. Horne]*

Melvin R. Horne (Georgia State Bar # 367465)
P.O. Box 188
Cairo, GA 39828
Tel: 229-377-0968
Fax: 229-377-0965
mhornelaw@gmail.com

# CERTIFICATE OF SERVICE

I certify that on this 12th day of February, 2015, the attached pleading, "Answer of All Defendants," was filed using the PACER electronic filing system.

Electronic transmission of a document through the Electronic Filing System constitutes the filing of the document pursuant to Rule 5(e), FEDERAL RULES OF CIVIL PROCEDURE, and Rule 49, FEDERAL RULES OF CRIMINAL PROCEDURE.

The transmission of a NEF constitutes entry on the docket pursuant to Rules 58 and 79, FEDERAL RULES OF CIVIL PROCEDURE, and Rules 49 and 55, FEDERAL RULES OF CRIMINAL PROCEDURE.

*Melvin R. Horne* (signature)

Melvin R. Horne (Georgia State Bar # 367465)
P.O. Box 188
Cairo, GA 39828
Tel: 229-377-0968
Fax: 229-377-0965
mhornelaw@gmail.com